IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-cv-19-BO

| | | |
|---|---|---|
| US WORKBOATS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WINDSERVE MARINE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This cause is before the Court on plaintiff's motion [DE 12] to remand the case to Onslow County Superior Court. As explained below, the motion is granted.

## BACKGROUND

US Workboats, LLC filed a complaint against Windserve Marine, LLC in Onslow County Superior Court on January 2, 2020. The dispute arises from a contract between the two under which US Workboats was to build and sell a 20-meter windfarm service vessel to Windserve. On January 30, Windserve removed the case to federal court under 28 U.S.C. § 1441 based on complete diversity. That same day, Windserve also filed a separate breach of contract action against US Workboats in the U.S. District Court for the Eastern District of New York.

US Workboats moves to remand the case to Onslow County. There is no dispute as to the Court's subject-matter jurisdiction. Rather, US Workboats seeks remand pursuant to a forum selection clause in the contract. Specifically, paragraph 14[1] of the contract states:

---

[1] The contract, apparently inadvertently, contains two separate paragraphs numbered 14. The first begins on page 9 and is titled "14. Insurance; Indemnification" and contains multiple parts pertaining to insurance requirements under the contract. The second paragraph 14, which is the one at issue in this motion, is located on page 12.

1

> Purchaser and Seller agree that the laws of the State of North Carolina shall govern this Purchase and Sale Agreement. Both parties hereby consent exclusively to venue in and jurisdiction of Onslow County Superior Court should any dispute arise.

DE 19-3, at 12. Relying on the plain language of this forum selection clause, US Workboats argues the case should be remanded.

Windserve opposes remand but makes no argument that it did not agree to the forum selection clause in paragraph 14. Rather, Windserve points to a second forum selection clause contained in the contract in paragraph 21, which details a three-part process for dispute resolution. Part C of paragraph 21 states:

> The parties agree that the jurisdiction for any litigation arising out of this Contract, including regarding the proper interpretation of this Contract, shall be the United States District Court for the Eastern District of New York. The parties further agree that the law to be applied by the court in resolving any Dispute under this Contract, including its interpretation, shall be the federal maritime law of the United States, and to the extent that a court may find the federal maritime law of the United States to be inapplicable, the law of the State of New York.

*Id.* at 16. Windserve contends that this forum selection clause makes clear that the company did not waive its right to remove.

The remand motion is fully briefed and is ripe for disposition.

## DISCUSSION

"[I]n the removal context, an enforceable forum-selection clause essentially operates as an affirmative defense to removal—subject-matter jurisdiction exists, but the forum-selection clause effects a waiver of the defendant's right to ask the court to exercise that jurisdiction." *Bartels by & through Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 681 (4th Cir. 2018). The party asserting the forum-selection clause as an affirmative defense to removal—here, US Workboats— bears the burden of proving it by a preponderance. *Id.*; *Pfohl v. Saber Healthcare Grp., LLC*, 784 F. App'x 137, 139 (4th Cir. 2019).

2

In this case, there is no dispute between the parties that they agreed to the contract and are bound to its enforceable terms. The disagreement pertains to how the Court should interpret the two forum selection clauses.

A federal court applies federal common law when interpreting a forum selection clause. *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010). "As an agreement purporting to modify or waive the venue of a federal court, a forum selection clause implicates what is recognized as a procedural matter governed by federal law—the proper venue of the court." *Id.* Federal law favors enforcement of forum-selection clauses. *Id.* at 649. Moreover, federal law, in attempting to enforce the parties' expectations, will look to the law specified in a choice-of-law clause to clarify and provide context for any uncertainties with respect to a forum selection clause. *See id.* at 650–51.

Neither party argues that the two forum selection clauses are in direct conflict, canceling each other out. Windserve argues that the two should be read together as two "permissive consent to jurisdiction provisions" not impacting removal. Resp. at 11, 15, DE 19. US Workboats argues that paragraph 14 creates exclusive venue in Onslow County Superior Court, waiving removal. Because the contract also contains two choice-of-law clauses, the Court cannot look to the choice-of-law clauses for guidance.

Outside of the removal context, in situations where a party seeks to enforce a forum selection clause under 28 U.S.C § 1404(a), the Fourth Circuit has emphasized the importance of determining whether the clause is permissive or mandatory. *BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 472 (4th Cir. 2018). "A mandatory clause requires litigation to occur in a specified forum; a permissive clause permits litigation to occur in a specified forum but does not bar litigation elsewhere." *Id.* at 470. If a forum

3

selection clause is mandatory, it is entitled to a strong presumption of enforceability. *Id.* at 471–72. Permissive forum selection clauses enjoy no such presumption. *Id.* at 472.

Given the "strong federal public policy supporting the enforcement of forum selection clauses," *BAE Systems*, 884 F.3d at 471, the Court is convinced that the presumption of enforceability afforded to mandatory forum selection clauses in the § 1404(a) also applies in the removal context. Plaintiff bears the burden of demonstrating that defendant waived removal, but when plaintiff demonstrates by a preponderance, *Bartels*, 880 F.3d at 681, that defendant agreed to a mandatory forum selection clause, that Court should presume that the clause is enforceable.

In the case at hand, the Court is confronted with two forum selection clauses—one mandatory and one permissive. Mandatory forum selection clauses are those that contain "specific language of exclusion." *BAE Sys.*, 884 F.3d at 472. Paragraph 14 contains such exclusionary language: "[b]oth parties hereby consent *exclusively* to venue in and jurisdiction of Onslow County Superior Court should any dispute arise." Paragraph 21, on the other hand, contains no exclusionary language. As the Fourth Circuit explained in *BAE Systems*, "the use of 'shall' in the clause does not render it mandatory." *Id.* at 472. In addition to the exclusionary language, paragraph 14 speaks specifically to the issues of venue and jurisdiction whereas paragraph 21 merely refers generally to "the jurisdiction" for the case. Faced with a contract containing both a mandatory and a permissive forum selection clause, the Court concludes that the mandatory clause is enforceable. By consenting to Onslow County Superior Court as the exclusive venue, Windserve waived its right to remove under 28 U.S.C. § 1441.

Windserve's reading of the clauses as creating two permissive jurisdiction provisions betrays the plain language of contract—reading out the term "exclusively"—and ignores distinctions between mandatory and permissive clauses as detailed by the court in *BAE Systems*.

4

Enforcing the mandatory forum selection clause also accords with the larger context of how parties drafted the agreement. US Workboats presented Windserve a copy of the draft contract that contained the mandatory forum selection clause in paragraph 14 for review and comment. Diedrich Decl., ¶¶ 7–8, DE 19-1. Windserve reviewed the contract and did not alter or revise paragraph 14, which it could have done. *Id.* ¶ 9. Instead, Windserve added paragraph 21—which it copied from an unrelated contract—to create additional dispute resolution procedures. *Id.* ¶ 11. Included in the copied paragraph 21 was the permissive forum selection clause. The permissive clause is thus part of the contract but does not supplant the otherwise enforceable mandatory forum selection clause that the parties agreed to in paragraph 14.

Windserve argues that its waiver is not clear and unequivocal. But the Court finds that the waiver here is at least as clear as it was in *Bartels*. There, the court determined that a forum selection clause providing that "the county in which the Facility is located shall be the sole and exclusive venue for any dispute" was an unambiguous waiver of removal because there was no federal courthouse in the county in which the facility at issue was located. *Bartels*, 880 F.3d at 671. Here, paragraph 14 is an even more explicit forum selection clause, specifically designating Onslow County Superior Court. That Windserve and US Workboats also included a permissive clause for the Eastern District of New York does not change this conclusion.

To briefly summarize, US Workboats has demonstrated by a preponderance that Windserve waived its right to remove. Windserve agreed to a mandatory forum selection clause designating Onslow County Superior Court as the exclusive venue. This forum selection clause is enforceable, and by agreeing to it—a fact which no party disputes—Windserve waived removal.

<u>CONCLUSION</u>

For the aforementioned reasons, the motion to remand [DE 12] is GRANTED. This case
is REMANDED to Onslow County Superior Court. Windserve had an objectively reasonable basis
on which to remove the case, and US Workboats request for attorneys' fees is DENIED. The Clerk
is DIRECTED to close the case.

SO ORDERED, this __15__ day of May, 2020.

_Terence Boyle_
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE